UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: CASHCO, INC., a New Mexico Corporation,

Debtor.

No. 18-11968-j7

## MEMORANDUM OPINION AND ORDER

At a status conference held December 12, 2018, an issue arose concerning the applicability of the automatic stay to the removal of a state court class action lawsuit to this Court initiating Adversary Proceeding No. 18-1055-J, and whether, if the stay did not apply to removal, the automatic stay applies to the continuation of the litigation in the removed case before this Court. *See* Order Resulting from Status Conference – Docket No. 46. The Court directed the parties to brief these issues. *Id.*[1] The Chapter 7 Trustee ("Trustee") contends that the automatic stay applies to removal of the state court class action lawsuit to this Court and to the continuation of the litigation in the removed case before this Court. *See* Chapter 7 Trustee's Brief on Applicability of the Automatic Stay ("Trustee's Brief" – Docket No. 62). The Trustee requests the Court to strike the Notice of Removal and all subsequent documents filed in Adversary Proceeding No. 18-1055-J and remand the Adversary Proceeding to state court. Debtor disagrees. *See* Debtor's Brief in Response to Chapter 7 Trustee's Brief on Applicability of the Automatic Stay ("Debtor's Response Brief" – Docket No. 70). The Chapter 7 Trustee also filed a reply. *See* Chapter 7 Trustee's Reply Brief on Applicability of the Automatic Stay ("Reply" – Docket No. 79).

---

[1] The Court extended the deadline for the Debtor to respond. *See* Order Resulting from Status Conference (Docket No. 65).

The Court has considered the Trustee's Brief, the Debtor's Response Brief, the Reply, and relevant case law. Courts disagree whether the automatic stay applies to the removal and to continued litigation of a removed state court action in the bankruptcy court. *Compare In re Hoskins*, 266 B.R. 872, 877 (Bankr. W.D. Mo. 2001) (the automatic stay applies to "remov[al] of a pending state court lawsuit to the bankruptcy court if the claim or cause of action is subject to the stay") *and F & M Bank & Trust Co. v. Owens*, No. 2:13CV00063 ERW, 2013 WL 3941382, at *1 (E.D. Mo. July 31, 2013) (the automatic stay bars further prosecution of a state court lawsuit, "including removing the state court action to federal court") *with In re Babekov*, No. 1-07-43574-DEM, 2009 WL 1373597, at *3 (Bankr. E.D.N.Y. May 5, 2009) ("[T]he automatic stay would not apply to a case removed to the forum of the debtor's bankruptcy case") (citation omitted). The Court is convinced that the automatic stay does not apply to the Debtor's removal of the state court class action lawsuit to this Court and does not apply to the continuation of the litigation in the removed class action lawsuit before this Court. However, to the extent the automatic stay applies to removal or to the continuation of the litigation of the removed action in this Court, the Court *sua sponte* annuls the automatic stay to validate the removal of the state court class action suit to this Court and modifies the automatic stay to permit litigation of Adversary Proceeding No. 18-1055-J before this Court. The Court is not modifying the stay to permit continued litigation before the state court in the event of remand.

## BACKGROUND AND PROCEDURAL HISTORY

Debtor commenced this bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code on August 6, 2018. *See* Docket No. 1. Pre-petition, Matthew Kitts commenced an action against the Debtor in the Second Judicial District Court as Cause No. D-202-CV-2016-01851 (the "State Court Action"). The State Court Action is a class action lawsuit

filed against the Debtor; Budget Payday Loans, Limited Partnership ("Budget Payday"); and Hitex, Inc. ("Hitex"). *See* Adversary Proceeding No. 18-1055-J – Docket Nos. 18 and 19. The state court certified the class as to the Debtor. The class has not yet been certified as to Budget Payday or Hitex. Budget Payday is a Chapter 7 debtor in Case No. 18-11967-t7 pending before Judge David T. Thuma. Hitex is not in bankruptcy.

On August 23, 2018, Debtor filed a notice of removal of the State Court Action to this Court, initiating Adversary Proceeding No. 18-1055-J (the "Class Action Adversary Proceeding"). Mr. Kitts, as Plaintiff in the Class Action Adversary Proceeding, filed a motion for remand and abstention, which the Court stayed pending the Court's ruling on the applicability of the automatic stay. *See* Class Action Adversary Proceeding – Docket Nos. 10 and 27.

## DISCUSSION

A. <u>The Removal Process</u>

Removal of claims related to bankruptcy cases is governed by 28 U.S.C. § 1452, which provides, in relevant part:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).[2] The removal statute thus has three applicable requirements: 1) the removing party must be a party to the state court action; 2) the state court action must be removed to the district court where the state court action is pending; and 3) the district court must have jurisdiction over the claim. 28 U.S.C. § 1452(a). Bankruptcy Rule 9027 sets forth the

---

[2] Section 1442 excepts from removal proceedings before the United States Tax Court and civil actions initiated by a governmental unit seeking enforcement of its police or regulatory power. 28 U.S.C. § 1452(a) ("other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.").

procedure for removal, including time restrictions for timely filing a notice of removal. Fed. R. Bankr. P. 9027.

The Debtor satisfied the statutory removal requirements and timely filed the notice of removal per Bankruptcy Rule 9027. The Debtor was a party to the State Court Action and removed the case to the bankruptcy court in the district where the State Court Action was pending. Although the removal statute provides for removal to the federal district court, all matters related to a bankruptcy case pending in the District of New Mexico are automatically referred to this Court. *See* Administrative Order – Misc. No. 84-0324 ("Pursuant to the authority of Section 157, Title 28, United States Code, and Rule 9029 of the Federal Rules of Bankruptcy Procedure . . . all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for the district to the extent permitted by law.").[3] This Court has jurisdiction over the class action claims asserted against the Debtor in the State Court Action because such claims are related to the Debtor's bankruptcy case. *See* 28 U.S.C. § 1334(b) (conferring jurisdiction over "all civil proceedings . . . related to cases under title 11."). The State Court Action is related to the Debtor's bankruptcy case because its outcome will have an effect on the administration of claims in the Debtor's bankruptcy case. *See In re Gardner*, 913 F.3d 1515, 1518 (10th Cir. 1990) (explaining that "[r]elated proceedings are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district court or state court" and that a proceeding "is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action

---

[3] Section 157(a) of Title 28 provides:
> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a).

in any way, thereby impacting on the handling and administration of the bankruptcy estate.") (citations omitted). Finally, the notice of removal, filed on August 23, 2017, seventeen days after the filing of Debtor's voluntary Chapter 7 petition, was timely filed. *See* Fed. R. Bankr. P. 9027(a)(2) ("If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed . . . within . . . 90 days after the order for relief in the case under the Code"); 11 U.S.C. § 301(b) ("The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.").

B. <u>Applicability of the Automatic Stay</u>

It is undisputed that that the State Court Action was stayed upon the filing of Debtor's bankruptcy petition with respect to claims in the State Court Action asserted against the Debtor. The State Court Action is a judicial proceeding filed against the Debtor to recover class action claims against the Debtor that arose before the commencement of Debtor's Chapter 7 bankruptcy case.

*Arguments of the parties*

The Trustee argues that the automatic stay applies to the removal of the State Court Action to this Court inasmuch as removal results in the continuation of the State Court Action. The Trustee reasons further that because removal of the stayed State Court Action violated the automatic stay it therefore is void. *See Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371, 372 (10th Cir. 1990) ("It is well established that any action taken in violation of the stay is void and without effect.") (citations omitted). *See also F & M Bank,* 2013 WL 3941382, at *2 (concluding that removal of the state court action to federal court without first obtaining relief from the automatic stay was void). The Trustee argues, alternatively, that even if the automatic

stay does not apply to the removal of the State Court Action to this Court, the stay applies to continuation of the removed action.

In addition, the Trustee argues that it makes no difference to the applicability of the stay that the Debtor as defendant in the State Court Action removed the action to bankruptcy court. The Trustee relies upon *TW Telecom Holdings, Inc. v. Carolina Internet, Ltd.*, 661 F.3d 495 (10th Cir. 2011) and *In re Beery*, 452 B.R. 825 (Bankr. D.N.M. 2010) to assert that the automatic stay, which applies to a creditor's prosecution of a claim against the debtor, likewise applies to the debtor's actions to defend the litigation.

The Debtor's principal argument to counter the Trustee's assertions is that removal did not constitute a continuation of the litigation but merely effectuated a change of venue. The Debtor argues further that although continuation of the removed action in bankruptcy court may be subject to the automatic stay, a motion to remand is mere a response to the removal and does not amount to continuation of the removed action.

*Authority supporting the Trustee's position that the automatic stay applies to removal to bankruptcy court and to the continuation of the removed action in the bankruptcy court*

The Trustee relies on the plain language of 11 U.S.C. § 362(a) to support his position. Section 362 provides, in relevant part, that the filing of a bankruptcy petition

> operates as a stay, applicable to all entities, of—
> (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was our could have been commenced before the commencement of the [bankruptcy] case . . . or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case . . . ; [or]
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case.

11 U.S.C. §§ 362(a)(1) and (6). The automatic stay becomes applicable immediately upon the filing of a voluntary bankruptcy petition, and its scope is very broad. *In re Gindi*, 642

F.3d 865, 870 (10th Cir. 2011), *overruled on other grounds by TW Telecom Holdings,* 661 F.3d at 495 ("The scope of the stay is broad, encompassing 'almost any type of formal or informal action taken against the debtor.'") (quoting 3 Collier on Bankruptcy ¶ 362.03 (Alan N. Resnick & Henry J. Sommer eds. 16th ed. 2010)); *State of Kan. Dep't of Labor v. Boyd (In re Boyd)*, 563 B.R. 62, 65 (Bankr. D. Kan. 2016) ("[T]he automatic stay is effective immediately upon the filing of the petition for relief.").

There is considerable authority that supports the Trustee's position that the automatic stay applies to removal of a state court action to bankruptcy court. *See, e.g., Hoskins,* 266 B.R. at 877 ("[A]ctions stayed by a bankruptcy filing include removing a pending state court lawsuit to bankruptcy court if the claim or cause of action is subject to the automatic stay."); *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers,* 124 F.3d 999, 1007 n.3 (9th Cir. 1997) ("[a party] could not remove the state court proceeding until the bankruptcy court officially lifted the automatic stay."); *Phillips v. FDIC (In re Phillips)*, 124 B.R. 712, 716 n.7 (Bankr. W.D. Tex. 1991) (stating that the creditor violated the automatic stay by removing a state court collection action and foreclosure action to federal court without first obtaining relief from the automatic stay); *Hill v. Wilson,* No. CV 09-AR-0372-S, 2009 WL 10689099, at *1 (N.D. Ala. March 17, 2009) ("[R]emoval without permission of the United States Bankruptcy Court for the District of Arizona violated the automatic stay provision and was void.").

In addition, the Advisory Committee Notes to Fed. R. Bankr. P. 9027 suggest that even if removal itself is not subject to the automatic stay,[4] a removed state court action subject to the

---

[4] In interpreting the time limits for removal contained in Fed. R. Bankr. P. 9027, the bankruptcy court in *South Tex. Funding Group, L.P. v. Mortg. Fund '08, LLC (In re R.E. Loans, LLC)*, No. 11-35865, 2012 WL 3262767, at *3 (Bankr. S.D. Tex. Aug. 8, 2012) relied on another Advisory Committee Note to explain that "there is no time limit for removal while the stay remains in effect." The *R.E. Loans* court concluded that removal can occur "at any time until 30 days after the entry of an order terminating the stay." *Id.* Because the stay had not been terminated, the debtor's removal was timely. *Id.* This

-7-

Case 18-11968-j7    Doc 83    Filed 02/19/19    Entered 02/19/19 14:01:02 Page 7 of 16

automatic stay remains subject to the automatic stay following removal to the bankruptcy court.

The Advisory Committee Note to Bankruptcy Rule 9027 provides:

> If the claim or cause of action which is removed to the bankruptcy court is subject to the automatic stay of § 362 of the Code, the litigation may not proceed in the bankruptcy court until relief from the stay is granted.

Advisory Committee Note (1983).[5] Consistent with the Advisory Committee Note, the bankruptcy court in *Brateman v. Brateman Bros., Inc. (In re Brateman Bros., Inc.)*, 135 B.R. 853 (Bankr. N.D. Ind. 1991), opined: "While it appears that the automatic stay may not apply to the removal of pending litigation, the mere fact that litigation is removed does not operate to terminate the automatic stay." 135 B.R. at 855.

*Section 362(a) does not apply to proceedings in bankruptcy court,
including removal and continuation of a removed action*

Notwithstanding the Advisory Committee Note to Fed. R. Bankr. P. 9027 and contrary caselaw, this Court concludes that the automatic stay does not apply to removal of an action to the bankruptcy court where the debtor's case is pending nor does it apply to the continuation of the removed action. This is true regardless of whether a creditor or the debtor removed the action to bankruptcy court.

---

interpretation of Fed. R. Bankr. P. 9027 supports the conclusion that the automatic stay does not apply to removal.

[5] Advisory Committee Notes are generally accorded great weight to determine Congressional purpose, though they do not constitute binding authority. *See Schiavone v. Fortune*, 477 U.S. 21, 31, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1986) (Advisory Committee Notes are entitled to weight in determining Congressional purpose); *Smart-Fill Mgmt. Grp. v. Froiland (In re Froiland)*, 589 B.R. 309, 313 (Bankr. W.D. Tex. 2018) ("An Advisory Committee Note accompanying a federal rule is highly persuasive and afforded substantial weight in interpreting federal rules, even if it is not binding.") (citations omitted); *Dillworth v. Obregon*, No. 12-20075-CIV, 2012 WL 3244683, at *2 (S.D. Fla. August 9, 2002) ("Although not binding, the interpretations in the Advisory Committee Notes are nearly universally accorded great weight in interpreting federal rules.") (quoting *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (internal quotation marks and additional citations omitted).

As explained in *In re N. Coast Vill., Ltd.*, 135 B.R. 641 (9th Cir. BAP 1992), "[a]lthough the statutory language [of § 362(a)] does not differentiate between proceedings in bankruptcy courts and proceedings in other courts, the application of the stay to proceedings against the debtor in the home bankruptcy court would be illogical and would not serve the purposes underlying the automatic stay." 135 B.R. at 643. "A court is permitted to depart from a literal reading of a statute in appropriate circumstances when the result required by the plain meaning of the statute is absurd."[6] An absurd result is one that is "unthinkable," "bizarre," or "demonstrably at odds with the intentions of its drafters." *In re Richardson,* 217 B.R. 479, 491 (Bankr. M.D. La. 1998) (quoting *Green v. Bock Laundry Mach. Co.,* 490 U.S. 504, 527 (1989) (concurring opinion of Scalia, J.) and *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571 (1982)).

The automatic stay "is the central provision of the Bankruptcy Code" and "prevents creditors from taking further action against [the debtor] except through the bankruptcy court." *In re Johnson,* 575 F.3d 1079, 1083 (10th Cir. 2009) (internal quotation marks and citation omitted). The legislative history of 11 U.S.C. § 362 indicates that "[t]he automatic stay is intended as an umbrella to protect a debtor temporarily from the shower of law suits and collection efforts by creditors outside the bankruptcy court administering the debtor's case in order to afford the debtor a breathing spell for the purpose of concentrating on the financial, rehabilitative and distributive procedures applicable in the bankruptcy court where the debtor's case is pending." *Lighthouse Bluffs Corp. v. Atreus Enters., Ltd. (In re Atreus Enters., Ltd.*), 120

---

[6] *In re Crawford*, 420 B.R. 833, 840 n.17 (Bankr. D.N.M. 2009) (citing *Lamie v. United States Trustee*, 540 U.S. 526, 535, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004) (remaining citations omitted). *See also In re Luna*, 406 F.3d 1192, 1199 (10th Cir. 2005) ("We presume Congress intended for the courts to apply the plain language of the statute unless such interpretation would lead to an absurd result.") (citing *Resolution Trust Corp. v. Westgate Partners, Ltd.*, 937 F.2d 526, 529 (10th Cir. 1991)).

B.R. 341, 346 (Bankr. S.D.N.Y 1990) (citing H.R.Rep. No. 595, 95th Cong. 1st Sess. 174-175 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 49-50 (1978), U.S.Code Cong. & Admin. News 1978, 5787, 5963, 6134-6136, 5835-5836). *See also Phoenix Surgicals, LLC v. Victor (In re Victor)*, No. 16-31426-AMN, 2018 WL 506603, at *4 and *5 (Bankr. D. Conn. Jan. 22, 2018) (same); *Cowin v. Countrywide Home Loans, Inc. (In re Cowin)*, 538 B.R. 721, 733 (S.D. Tex. 2015), *aff'd sub nom., Matter of Corwin,* 864 F.3d 344 (5th Cir. 2017) ("The purpose of the automatic stay is to provide the debtor with 'breathing room' and to ensure the equitable distribution of assets to creditors.").

A literal, overbroad application of the automatic stay to matters raised before the bankruptcy court where the Debtor's bankruptcy case is pending would not serve these purposes underlying the automatic stay, would be illogical, and would lead to absurd results demonstrably at odds with the intentions of its drafters. *N. Coast Vill.,* 135 B.R at 643.[7] By its terms the automatic stay applies to "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(6). If the automatic stay applied to acts taken by creditors in bankruptcy court, the stay would apply, for example, to the filing of a proof of claim; an objection to a debtor's claim of exemption; commencement of an adversary proceeding to object to the discharge or dischargeability of a

---

[7] *See also Cowin,* 538 B.R. at 733 (The "home" bankruptcy court where the debtor's bankruptcy case is pending is "uniquely situated" to address matters affecting the administration of the estate, and "applying the automatic stay to actions filed in the home bankruptcy court would ignore these unique features, undermine the stay's intended purposes, and cause absurd results."); *Lawson v. Nationsbanc Mortg. Corp. (In re Lawson)*, No. 99-010296, 2000 WL 33943198, at *6 (Bankr. S.D. Ga. Sept. 22, 2000) (the automatic stay does not apply to proceedings in bankruptcy court; construing the stay to apply to bankruptcy proceedings, such as filing a proof of claim, would lead to an absurd result); *In re Bird*, 229 B.R. 90, 95 (Bankr. S.D.N.Y. 1999) ("The bankruptcy court is invested with the authority, mandate and power to determine and allow claims against the debtor, despite the automatic stay . . . . If this exception did not exist, courts would be left with . . . the absurd result of having to modify the automatic stay to allow a creditor to move to lift the stay in the first place.").

debt, or to determine the extent, priority or validity of a lien against bankruptcy estate property; an objection to treatment of a prepetition claim under a debtor's plan filed in a chapter 11, 12 or 13 case; and to a myriad of other things that creditors routinely file in bankruptcy cases. *See id*. (giving several of these examples). In fact, as the bankruptcy court pointed out in *Bird*, application of the automatic stay to actions taken in bankruptcy court would even result in "having to modify the automatic stay to allow a creditor to move to lift the stay in the first place." 229 B.R. at 95. Application of the automatic stay to actions taken in bankruptcy court is illogical, would be unworkable, would frustrate the orderly administration of a bankruptcy case, and undoubtedly is contrary to the intent of the drafters of § 362.

Thus, notwithstanding the fact that § 362(a) does not differentiate between proceedings in bankruptcy court and in other courts, the automatic stay does not apply to proceedings commenced against the debtor in the bankruptcy court in the judicial district where the debtor's bankruptcy case is pending (the "home bankruptcy court") nor to the continuation of proceedings before the home bankruptcy court. *See In re Miller*, 397 F.3d 726, 730 (9th Cir. 2006) ("The automatic stay does not apply to proceedings initiated against the debtor if the proceedings are initiated in the same bankruptcy court where the debtor's bankruptcy proceedings are pending.").[8]

The principle that the automatic stay does not apply to proceedings in the home bankruptcy court applies to both the removal of the State Court Action to this Court commencing the Class Action Adversary Proceeding, and to the continuation of the removed Class Action Adversary Proceeding in this Court. Creditors can come to the bankruptcy court and assert

---

[8] *See also Victor*, 2018 WL 506603, at *4 ("[T]he assertion of a pre-petition claim against the debtor which would otherwise be enjoined by § 362(a), if initiated in any other context, is not a violation of the automatic stay if commenced in the bankruptcy court where the debtor's bankruptcy case is pending."); *In re Sims*, 278 B.R. 457, 471 (Bankr. E.D. Tenn. 2002) (same).

-11-

whatever claim against the debtor they wish without violating the automatic stay. *See In re Liberty Asset Mgmt. Corp.,* BAP No. CC-16-1273-FCTa*,* 2017 WL 1100586, at *2 (9th Cir. BAP Mar. 21, 2017) (unpublished) (agreeing with the underlying bankruptcy court's explanation to a creditor that filing a counterclaim against the debtor in a removed state court action did not violate the stay because "you can file anything you want to in this court to call the debtor to account. You don't need relief from stay to do that.").

Courts that find that removal and continuation of a removed action in the home bankruptcy court violate the automatic stay fail to acknowledge the fundamental purpose of the automatic stay, which is "to protect the bankruptcy estate from actions taken by creditors outside the bankruptcy court forum, not legal actions taken within the bankruptcy court." *In re Sammon,* 253 B.R. 672, 681 (Bankr. D.S.C. 2000). "'The stay protects debtors from harassment and also ensures that the debtor's assets can be distributed in an orderly fashion, thus preserving the interests of the creditors as a group.'" *Johnson,* 575 F.3d at 1083 (quoting *Price v. Rochford,* 947 F.2d 829, 831 (7th Cir. 1991)). Application of the automatic stay to bar actions brought before the bankruptcy court where the debtor's bankruptcy case is pending does not serve this purpose and would frustrate the administration of the bankruptcy case.

The Trustee complains that the filing of the motion for abstention and remand in the Class Action Adversary Proceeding [9] and the motion to join the Trustee and the Chapter 7 Trustee in Budget Payday's bankruptcy case as parties[10] likewise violated the automatic stay. For the same reasons discussed above, the Court concludes that the motion for abstention and remand and the motion to join the Trustee does not violate the automatic stay. The Court also

---

[9] *See* Class Action Adversary Proceeding – Docket No. 10.
[10] *See* Class Action Adversary Proceeding – Docket No. 20.

-12-

notes that the motion to join the Trustee was filed at the Court's direction. *See* Order Resulting from Status Conference, Class Action Adversary Proceeding – Docket No. 15.

Many of the Trustee's remaining arguments for application of the automatic stay to the continuation of the Class Action Adversary Proceeding before this Court are better addressed through a request for abstention and remand. For example, the Trustee asserts that by removing the State Court Action to this Court, the Debtor is inappropriately forum shopping. The Trustee also points out that Hitex, a named defendant in the Class Action Adversary Proceeding, is not a debtor. Whether abstention and remand of the Class Action Adversary Proceeding is appropriate are separate issues that the Plaintiff in the Class Action Adversary Proceeding has already raised. *See* Class Action Adversary Proceeding – Docket No. 10. To determine whether abstention and remand is appropriate, the Court will apply the standards of 28 U.S.C. §§ 1334(c) and 1452(b).

C. Annulment with respect to Removal and Modification of the Automatic Stay with respect to Continued Litigation of the Class Action Adversary Proceeding

The Court has determined that removal of the State Court Action, which commenced the Class Action Adversary Proceeding in this Court, did not violate the automatic stay. Nor does continuation of the Class Action Adversary Proceeding before this Court violate the automatic stay. However, in the event a higher court were to disagree, the Court will, if and to the extent the automatic stay applies, *sua sponte* annul the automatic stay with respect to the removal of the State Court Action and terminate the automatic stay with respect to the continuation of the Class Action Adversary Proceeding before this Court.

The bankruptcy court has the power under 11 U.S.C. § 105 "to *sua sponte* issue any order necessary or appropriate for the administration of the estate, including modifications to the automatic stay." *Vaughan v. First Nat'l Bank,* 13 F.3d 408 (10th Cir. 1993) (unpublished) (citing *In re Bellucci*, 119 B.R. 778-79 (Bankr. E.D. Cal. 1990)); *Elder-Beerman Stores Corp. v.*

-13-

*Thomasville Furniture Indus. Inc. (In re Elder-Beerman Stores Corp.),* 195 B.R. 1019, 1023 (Bankr. S.D. Ohio 1996) ("Bankruptcy courts . . . have the power, whether on the request of a party in interest or *sua sponte*, to consider both what acts constitute a violation of the stay and whether or not relief from the stay is appropriate."). Section 362(d) provides that the Court may grant relief from the automatic stay by terminating, annulling, modifying, or conditioning" the stay upon a showing of "cause." 11 U.S.C. § 362(d).

Annulment of the automatic stay is rare and generally should be granted only in compelling circumstances. *Franklin Sav. Ass'n v. Office of Thrift Supervision*, 31 F.3d 1020, 1023 (10th Cir. 1994) (annulment of the stay is "rare"); *Hoskins,* 266 B.R. at 878 (retroactive relief from the automatic stay may be granted "sparingly and in compelling circumstances.") (quoting *LaBarge v. Vierkant (In re Vierkant),* 240 B.R. 317, 325 (8th Cir. BAP 1999) (additional internal quotation marks omitted)). Whether to annul the automatic stay falls within the Court's sound discretion. *In re Schumann,* 546 B.R. 223, 228 (Bankr. D.N.M. 2016).

The Court has ruled that the stay does not apply to removal of the State Court Action to bankruptcy court or to continuation of the removed action. Based on that ruling, the parties will litigate and the Court will make rulings in the Class Action Adversary Proceeding, including a ruling on the motion for abstention and remand. The purposes of the automatic stay are not served by barring removal of the State Court Action or by barring the continuation of the Class Action Adversary Proceeding before this Court. For these reasons, and to ensure the orderly adjudication of the Class Action Adversary Proceeding before this Court, compelling circumstances exist to annul and terminate the automatic stay, as appropriate, if and to the extent the stay otherwise would apply.

Annulling the automatic stay with respect to the Debtor's removal of the State Court Action and terminating the automatic stay with respect to continuation of the Class Action Adversary Proceeding before this Court does not modify the stay with respect to any proceeding before the state court in the event of a remand. The Court has not determined whether relief from the automatic stay should be granted to allow the Plaintiffs to continue the State Court Action as against the Debtor in the event of remand.

## CONCLUSION

The federal statute governing removal of state court actions to bankruptcy court and the corresponding Bankruptcy Rule establish the requirements and procedures for removal of a state court action to the bankruptcy court. Literal and broad application of the automatic stay to bar removal of a pending state court action to the home bankruptcy court without first obtaining relief from the automatic stay would lead to absurd results and is demonstrably at odds with the intentions of the drafters of 11 U.S.C. § 362. Provided a state court action is removed to the bankruptcy court where the debtor's bankruptcy case is pending, the automatic stay does not apply to the removal or to the continuation of the removed state court action before the bankruptcy court. Further, to ensure the orderly adjudication of the Class Action Adversary Proceeding before this Court, annulment and termination of the automatic stay is appropriate, if and to the extent the stay otherwise would apply as determined by another court. The automatic stay remains in effect with respect to adjudication of the claims against the Debtor in State Court in the event of a remand, unless and until the Court grants the Plaintiffs in the State Court Action relief from the automatic stay.

WHEREFORE, IT IS ORDERED:

A. The automatic stay does not apply to the removal of the State Court Action to this Court; and

B. The automatic stay does not apply to the continuation of the Class Action Adversary Proceeding in this Court.

IN THE ALTERNATIVE, IT IS ORDERED:

A. The automatic stay is annulled to validate the Debtor's removal of the State Court Action to this Court; and

B. The automatic stay is terminated solely with respect to the continuation of the Class Action Adversary Proceeding in this Court.

*[Signature]*

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: February 19, 2019

COPY TO:

George D Giddens, Jr
Attorney for Debtor
Giddens, Gatton & Jacobus, P.C.
10400 Academy Rd NE Ste 350
Albuquerque, NM 87111-1229

Daniel Andrew White
Attorney for Chapter 7 Trustee
Askew & Mazel, LLC
1122 Central Ave. SW, Suite 1
Albuquerque, NM 87102

Rob Treinen
Attorney for Matthew Kitts
500 Tijeras Avenue NW
Albuquerque, NM 87102