# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEW MEXICO

In re:   CASHCO, INC., a New Mexico                              No. 18-11968-j7
Corporation,

Debtor.

## AMENDED MEMORANDUM OPINION

Debtor Cashco, Inc. ("Debtor" or "Cashco") commenced Adversary Proceeding No. 18-1055-j in this Court by removing a state court class action lawsuit to bankruptcy court. *See* Docket No. 11 – Notice of Removal. Plaintiff in the adversary proceeding subsequently filed a motion for remand and abstention. *See* Adversary Proceeding No. 18-1055-j – Docket No. 10. At a status conference held December 12, 2018, an issue arose concerning the applicability of the automatic stay to the removal of the state court class action lawsuit to this Court, to the motion for remand and abstention, and to the continued prosecution of the adversary proceeding following removal. *See* Order Resulting from Status Conference – Docket No. 46.

After considering the briefs filed by the parties, on February 12, 2019, the Court issued a Memorandum Opinion and Order in which the Court determined that the automatic stay did not apply to the removal of the state court class action lawsuit to this Court and did not apply to the continuation of the removed lawsuit before this Court.  *See* Memorandum Opinion and Order – Docket No. 83. Alternatively, the Court annulled the automatic stay to validate the removal of the state court class action lawsuit to this Court and terminated the automatic stay solely with respect to the continuation of the removed lawsuit before this Court. *Id.* Philip J. Montoya, Chapter 7 Trustee ("Trustee") subsequently filed a motion asking the Court to reconsider certain aspects of that ruling. *See* Chapter 7 Trustee's Motion for Relief from February 2, 2019 Memorandum Opinion and Order ("Motion for Reconsideration") – Docket No. 88. This

Amended Memorandum and Opinion and Order supersedes the Memorandum Opinion and Order entered February 12, 2019 (Docket No. 83).

The Trustee requests the Court to reconsider the following conclusions: 1) that the automatic stay can never apply to judicial proceedings commenced in the bankruptcy court where the debtor's bankruptcy case is pending; and 2) that the Court can annul or terminate the automatic stay *sua sponte* pursuant to 11 U.S.C. § 105. *See* Motion for Reconsideration, p. 1. The Trustee does not request the Court to alter the outcome of its prior Memorandum Opinion or Order or change its conclusion that the Debtor's removal of the state court class action lawsuit to this Court is not subject to the automatic stay. *Id.*

The Court has considered the parties' briefs,[1] the Motion to Reconsider, and relevant case law. The case law considering whether the automatic stay applies to the removal and to the continued litigation of a removed state court action in the bankruptcy court is not uniform.[2] As the Court previously determined, the automatic stay does not apply to the Debtor's removal of the state court class action lawsuit to this Court. The Court is further convinced that the automatic stay does not apply to the Plaintiff's motion to remand the removed action to state court and for abstention. The Court is persuaded, however, that the automatic stay applies to the continued prosecution of the removed state court class action lawsuit under non-bankruptcy law,

---

[1] *See* Chapter 7 Trustee's Brief on Applicability of the Automatic Stay – Docket No. 62; Debtor's Brief in Response to Chapter 7 Trustee's Brief on Applicability of the Automatic Stay – Docket No. 70; and Chapter 7 Trustee's Reply Brief on Applicability of the Automatic Stay – Docket No. 79.

[2] *E.g., compare In re Hoskins*, 266 B.R. 872, 877 (Bankr. W.D. Mo. 2001) (the automatic stay applies to "removing a pending state court lawsuit to the bankruptcy court if the claim or cause of action is subject to the automatic stay."), and *F & M Bank & Trust Co. v. Owens*, No. 2:13CV00063 ERW, 2013 WL 3941382, at *1 (E.D. Mo. July 31, 2013) (the automatic stay bars further prosecution of a state court lawsuit, "including removing the state court action to federal court"), *with In re Babekov*, No. 1-07-43574-DEM, 2009 WL 1373597, at *3 (Bankr. E.D.N.Y. May 5, 2009) ("[T]he automatic stay would not apply to a case removed to the forum of the debtor's bankruptcy case") (citation omitted).

regardless of whether such proceeding is conducted in the "home" court where the Debtor's bankruptcy case is pending.[3]

## BACKGROUND AND PROCEDURAL HISTORY

Cashco commenced this bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code on August 6, 2018. *See* Docket No. 1. On the same date, Budget Payday also commenced a Chapter 7 case in this district. Budget Payday is a Chapter 7 debtor in Case No. 18-11967-t7 pending before Judge David T. Thuma.

Prior to commencement of the Cashco and Budget Payday Chapter 7 cases, Matthew Kitts commenced an action in the Second Judicial District Court as Cause No. D-202-CV-2016-01851 (the "State Court Action"). The State Court Action is a class action lawsuit against the Debtor; Budget Payday Loans, Limited Partnership ("Budget Payday"); and Hitex, Inc. ("Hitex"). Hitex is not in bankruptcy.

On August 23, 2018, Debtor filed a notice of removal of the State Court Action to this Court, initiating Adversary Proceeding No. 18-1055-J (the "Class Action Adversary Proceeding"). *See* Adversary Proceeding No. 18-1055-J – Docket Nos. 18 and 19. Mr. Kitts, as Plaintiff in the Class Action Adversary Proceeding, filed a motion for remand and abstention, which the Court stayed pending the Court's ruling on the applicability of the automatic stay. *See* Class Action Adversary Proceeding – Docket Nos. 10 and 27.

Prior to removal of the State Court Action to bankruptcy court, the State Court certified a class as to claims against the Cashco. On February 27, 2019, the bankruptcy court in the Budget Payday Chapter 7 case entered a stipulated order granting relief from the automatic stay to

---

[3] The Court abandons as unnecessary the portion of its prior alternative ruling annulling the automatic stay with respect to removal.

-3-

permit certification of the class as to claims against Budget Payday. *See* Stipulated Order Granting Stay Relief, Case No. 18-11967-t7 – Docket No. 62. On March 6, 2019, this Court entered a stipulated order certifying the class as to claims against Budget Payday. *See* Stipulated Order on Class Certification, Class Action Adversary Proceeding – Docket No. 37. The class has not been certified as to claims against Hitex. 00

DISCUSSION

A. <u>The Removal Process</u>

Removal of claims related to bankruptcy cases is governed by 28 U.S.C. § 1452, which provides, in relevant part:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).[4] The removal statute thus has three applicable requirements: 1) the removed action must be a civil action and must not be a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce its police or regulatory power, 2) the removing party must be a party to the civil action that is removed; 3) the action must be removed to the district court where the state court action is pending; and 4) the district court must have jurisdiction over the claim. 28 U.S.C. § 1452(a).

Although the removal statute provides for removal to the federal district court, all matters related to a bankruptcy case pending in the District of New Mexico are automatically referred to this Court. *See* Administrative Order – Misc. No. 84-0324 ("Pursuant to the authority of Section 157, Title 28, United States Code, and Rule 9029 of the Federal Rules of Bankruptcy Procedure .

---

[4] Section 1442 excepts from removal proceedings before the United States Tax Court and civil actions initiated by a governmental unit seeking enforcement of its police or regulatory power.  28 U.S.C. § 1452(a) ("other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power").

-4-

. . all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for the district to the extent permitted by law.").[5] Removal of a state court action involving claims within the scope of a district court's reference to the bankruptcy court pursuant to 28 U.S.C. § 157(a) may be removed to the bankruptcy court rather that the district court. *Meritage Homes Corp. v. JPMorgan Chase Bank, N.A.*, 474 B.R. 526, 534 (Bankr. S.D. Ohio 2012) (collecting cases). Bankruptcy Rule 9027 sets forth the procedure for removal, including time restrictions for timely filing a notice of removal. Fed. R. Bankr. P. 9027.

Cashco satisfied the statutory removal requirements and timely filed its notice of removal pursuant to Bankruptcy Rule 9027. Cashco was a party to the State Court Action and removed the action to the bankruptcy court in the district where the State Court Action was pending. This Court has jurisdiction over the class action claims asserted against Cashco in the State Court Action because such claims are related to Cashco's bankruptcy case. *See* 28 U.S.C. § 1334(b) (conferring jurisdiction over "all civil proceedings . . . related to cases under title 11."). The State Court Action is related to Cashco's bankruptcy case because its outcome will have an effect on the administration of claims in the Cashco bankruptcy case. *See In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) ("Related proceedings are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district court or state court" and that a proceeding "is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration

---

[5] Section 157(a) of Title 28 provides:
> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a).

of the bankruptcy estate.") (citations omitted). Finally, the notice of removal, filed on August 23, 2017, seventeen days after the filing of Cashco's voluntary Chapter 7 petition, was timely filed. *See* Fed. R. Bankr. P. 9027(a)(2) ("If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed . . . within . . . 90 days after the order for relief in the case under the Code"); 11 U.S.C. § 301(b) ("The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.").

B. Applicability of the Automatic Stay

It is undisputed that that the State Court Action was stayed upon the filing of Cashco's and Budget Payday's respective bankruptcy petitions with respect to claims in the State Court Action asserted against the Cashco and Budget Payday. The State Court Action is a judicial proceeding filed against Cashco and Budget Payday to recover claims against them that arose before the commencement of their respective Chapter 7 bankruptcy cases. *See* 11 U.S.C. § 362(a)(1).

*Arguments of the parties*

The Trustee argues that the automatic stay applies to Cashco's removal of the State Court Action to this Court inasmuch as removal results in the continuation of the State Court Action. The Trustee reasons further that because removal of the stayed State Court Action violated the automatic stay it therefore is void. *See Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371, 372 (10th Cir. 1990) ("It is well established that any action taken in violation of the stay is void and without effect.") (citations omitted). *See also F & M Bank*, 2013 WL 3941382, at \*2 (concluding that removal of the state court action to federal court without first obtaining relief from the automatic stay was void). The Trustee argues, alternatively, that even if the automatic

-6-

stay does not apply to the removal of the State Court Action to this Court, the stay applies to continuation of the removed action.

In addition, the Trustee argues that it makes no difference to the applicability of the stay that the Debtor as defendant in the State Court Action removed the action to bankruptcy court. The Trustee relies upon *TW Telecom Holdings Inc. v. Carolina Internet, Ltd*., 661 F.3d 495 (10th Cir. 2011) and *In re Beery*, 452 B.R. 825 (Bankr. D.N.M. 2011) to assert that the automatic stay, which applies to a creditor's prosecution of a claim against the debtor, likewise applies to the debtor's actions to defend the litigation.

Cashco's principal argument to counter the Trustee's assertions is that removal did not constitute a continuation of the litigation but merely effectuated a change of venue. Cashco argues further that although continuation of the removed action in bankruptcy court may be subject to the automatic stay, a motion to remand is mere a response to the removal and does not amount to continuation of the removed action.

*The automatic stays does not apply to*
*removal of the State Court Action to bankruptcy court*

There is considerable authority to support the Trustee's position that the automatic stay applies to removal of the State Court Action to bankruptcy court.[6] Nevertheless, this Court concludes that the automatic stay does not apply to removal of an action to the bankruptcy court,

---

[6] *See, e.g.*, *Hoskins*, 266 B.R. at 877 ("[A]ctions stayed by a bankruptcy filing include removing a pending state court lawsuit to bankruptcy court if the claim or cause of action is subject to the automatic stay."); *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers,* 124 F.3d 999, 1007 n.3 (9th Cir. 1997) ("[A party] could not remove the state court proceeding until the bankruptcy court officially lifted the automatic stay."); *Phillips v. FDIC (In re Phillips)*, 124 B.R. 712, 716 n.7 (Bankr. W.D. Tex. 1991) (stating that the creditor violated the automatic stay by removing a state court collection action and foreclosure action to federal court without first obtaining relief from the automatic stay); *Hill v. Wilson,* No. CV 09-AR-0372-S, 2009 WL 10689099, at *1 (N.D. Ala. March 17, 2009) ("[R]emoval without permission of the United States Bankruptcy Court for the District of Arizona violated the automatic stay provision and was void.").

Case 18-11968-j7    Doc 103    Filed 03/25/19    Entered 03/25/19 17:10:18 Page 7 of 15

nor does it apply to a motion to remand and for abstention. This is true regardless of whether a creditor or the debtor removed the action to bankruptcy court and regardless of whether the removed claims are asserted by or against the debtor.

The automatic stay "is the central provision of the Bankruptcy Code" and "prevents creditors from taking further action against [the debtor] except through the bankruptcy court." *In re Johnson,* 575 F.3d 1079, 1083 (10th Cir. 2009) (internal quotation marks and citation omitted). It provides the debtor and a bankruptcy trustee with a breathing spell from claims of creditors to further the purposes of the Bankruptcy Code; preserves the property of the bankruptcy estate for the benefit of all creditors and other parties in interest thereby helping to ensure an orderly and equitable distribution of assets; centralizes disputes concerning the debtor and property of the bankruptcy estate in the bankruptcy court unless the bankruptcy court authorizes litigation in another forum; and protects the debtor from harassment by creditors.[7]

The automatic stay applies to "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(6). The automatic stay also applies to the "commencement or continuation" of an "action or

---

[7] *See e.g. Johnson,* 575 F.3d at 1083 (the automatic stay protects debtors from harassment, ensures the distribution of assets in an orderly fashion to protect the interests of creditors as a whole, and prevents creditors from taking action except through the bankruptcy court); *Lighthouse Bluffs Corp. v. Atreus Enters., Ltd. (In re Atreus Enters., Ltd.*), 120 B.R. 341, 346 (Bankr. S.D.N.Y 1990) ("The automatic stay is intended as an umbrella to protect a debtor temporarily from the shower of law suits and collection efforts by creditors outside the bankruptcy court administering the debtor's case in order to afford the debtor a breathing spell for the purpose of concentrating on the financial, rehabilitative and distributive procedures applicable in the bankruptcy court where the debtor's case is pending.") (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 174-175 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 49-50 (1978), U.S. Code Cong. & Admin. News 1978, 5787, 5963, 6134-6136, 5835-5836). *See also Phoenix Surgicals, LLC v. Victor (In re Victor)*, No. 16-31426-AMN, 2018 WL 506603, at *4 and *5 (Bankr. D. Conn. Jan. 22, 2018) (same); *Cowin v. Countrywide Home Loans, Inc. (In re Cowin)*, 538 B.R. 721, 733 (S.D. Tex. 2015), *aff'd sub nom., Matter of Cowin*, 864 F.3d 344 (5th Cir. 2017) ("The purpose of the automatic stay is to provide the debtor with 'breathing room' and to ensure the equitable distribution of assets to the creditors."); *Sharf v. BC Liquidating, LLC*, No. 14-CV-7320-JMA, 2015 WL 5093097, at *4 (E.D.N.Y. Aug. 28, 2015) (to the same effect).

-8-

proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(1). If applied literally, this statutory language would bar acts taken by creditors in the bankruptcy case itself. For example, the stay would apply to the filing of a proof of claim; an objection to a debtor's claim of exemption; an objection to treatment of a prepetition claim under a debtor's plan filed in a chapter 11, 12 or 13 case; and to a myriad of other things that creditors routinely file in bankruptcy cases. In fact, as the bankruptcy court pointed out in *In re Bird*, 229 B.R. 90, 95 (Bankr. S.D.N.Y. 1999), application of the automatic stay to actions taken in bankruptcy court would even result in "having to modify the automatic stay to allow a creditor to move to lift the stay in the first place." 229 B.R. at 95.

A court may depart from a literal reading of a statute in those rare cases where a "literal application of a statute will produce a result demonstrably at odds with the intention of its drafters." *United States v. Ron Pair Enters, Inc.*, 489 U.S. 235, 242 (1989) (citation and internal quotation marks omitted). *See also Lindsay v. Thiokol Corp.*, 112 F.3d 1068, 1070 (10th Cir. 1997); *Rajala v. Gardner*, 709 F.3d 1031, 1038 (10th Cir. 2013). A court may also depart from a literal application in very extreme instances where construing the statute in accordance with its plain meaning would produce patently absurd results so bizarre that Congress could not have intended it. *Robbins v. Chronister*, 435 F.3d 1238, 1241 (10th Cir. 2006) (en banc). A literal, overbroad application of the automatic stay to matters raised in the bankruptcy case itself would not serve the purposes underlying the automatic stay, would be illogical and unworkable, would frustrate the orderly administration of the bankruptcy case, and would lead to results demonstrably at odds with the intentions of the drafters. *See In re N. Coast Vill., Ltd.*, 135 B.R. 641, 643 (B.A.P. 9th Cir. 1992) ("Although the statutory language [of § 362(a)] does not

-9-

differentiate between proceedings in bankruptcy courts and proceedings in other courts, the application of the stay to proceedings against the debtor in the home bankruptcy court would be illogical and would not serve the purposes underlying the automatic stay.").[8]

For the same reasons, the automatic stay does not apply to the commencement of an adversary proceeding in the bankruptcy court where the debtor's bankruptcy case is pending. *See Victor*, 2018 WL 506603, at *3 (filing of an adversary proceeding does not violate the automatic stay); *JNA-1 v. Uni-Marts, LLC (In re Uni-Marts, LLC)*, 404 B.R. 767, 783 (Bankr. D. Del. 2009) (the automatic stay does not apply to commencement of an adversary proceeding in the home bankruptcy court); *Nat'l City Bank of Minneapolis v. Lapides (In re Transcolor Corp.)*, 296 B.R. 343, 358 (Bankr. D. Md. 2003) ("[T]he [Bankruptcy] Code implicitly permits the filing of suit in the bankruptcy court against a debtor without violating the automatic stay.") (citations omitted). Creditors routinely commence adversary proceedings before the bankruptcy court without first obtaining relief from the automatic stay. Otherwise, for example, a creditor would need to obtain relief from the stay to file a complaint objecting to the discharge or dischargeability of a debt within the time required to assert such objections.

A notice of removal filed in a debtor's bankruptcy case has the effect of commencing an adversary proceeding in the bankruptcy court. *See* Fed. R. Bankr. P. 7001(10) (defining an

---

[8] *See also Campbell v. Countrywide Home Loans, Inc.,* 545 F.3d 348, 356 (5th Cir. 2008) (the filing of a proof of claim in a bankruptcy is not subject to the automatic stay); *Cowin,* 538 B.R. at 733 (The "home" bankruptcy court where the debtor's bankruptcy case is pending is "uniquely situated" to address matters affecting the administration of the estate, and "applying the automatic stay to actions filed in the home bankruptcy court would ignore these unique features, undermine the stay's intended purposes, and cause absurd results."); *Lawson v. Nationsbanc Mortg. Corp. (In re Lawson)*, No. 99-10296, 2000 WL 33943198, at *6 (Bankr. S.D. Ga. Sept. 22, 2000) (the automatic stay does not apply to proceedings in bankruptcy court; construing the stay to apply to bankruptcy proceedings, such as filing a proof of claim, would lead to an absurd result); *Bird,* 229 B.R. at 95 ("The bankruptcy court is invested with the authority, mandate and power to determine and allow claims against the debtor, despite the automatic stay . . . . If this exception did not exist, courts would be left with the absurd result of having to modify the automatic stay to allow a creditor to move to lift the stay in the first place.").

-10-

adversary proceeding as "a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452."). Because the automatic stay does not apply to the commencement of an adversary proceeding, the Court concludes that the automatic stay does not apply to the filing of a notice of removal, which commences an adversary proceeding.

The Advisory Committee's note to Fed. R. Bankr. P. 9027 supports this result. The Advisory Committee's note provides:

> If the claim or cause of action which is removed to the bankruptcy court is subject to the automatic stay of § 362 of the Code, the litigation may not proceed in the bankruptcy court until relief from the stay is granted.

Fed. R. Bankr. P. 9027, Advisory Committee's Note (1983). The Advisory Committee's note presumes that an action subject to the automatic stay nevertheless may be removed to bankruptcy court. Thus, removal itself is not subject to the automatic stay. *See also Brateman v. Brateman Bros., Inc. (In re Brateman Bros., Inc.)*, 135 B.R. 853, 855 (Bankr. N.D. Ind. 1991) ("While it appears that the automatic stay may not apply to the removal of pending litigation, the mere fact that litigation is removed does not operate to terminate the automatic stay."). In addition, the filing of a notice of removal does nothing to advance the pending state court action litigation. Because removal does not advance the claims asserted in the underlying state court action, removal does not constitute a  continuation of a pre-petition proceeding that would be subject to the automatic stay.

*The automatic stays does not apply to*
*remand of the State Court Action to state court*

Nor does the automatic stay apply to remand or abstention. Remand is governed by 28 U.S.C. § 1452(b). Abstention is governed by 28 U.S.C. § 1334(c). Those provisions grant a bankruptcy court presiding over a removed action the authority to remand the action or abstain from hearing it in favor of another court.

The automatic stay applies to the "continuation" of a judicial action against the debtor that was or could have been commenced before commencement of the bankruptcy case. 11 U.S.C. § 362(a). Remanding the State Court Action does not constitute a "continuation" of the action barred by the automatic stay. Rather, remand simply restores the action to the status quo as it existed upon commencement of the bankruptcy case prior to removal. Similarly, abstention results in the action remaining in the state court from which it was removed. Unless and until the entry of an order granting relief from the automatic stay, an action that has been remanded (or from which the court abstains) will remain subject to the automatic stay. The decision whether to remand and/or abstain does not require the Court to express any opinion on the merits of the removed action and does not affect the substantive rights of any party to the litigation.[9] As discussed above, removal is not subject to the automatic stay. Removal and remand/abstention are two sides of the same coin. Like removal, neither remand of an action nor abstention from hearing a state court action is subject to the automatic stay.

*Continuation of the State Court Action after removal*
*is subject to the automatic stay*

Unlike removal and remand/abstention, the continuation of the litigation in the Class Action Adversary Proceeding following removal constitutes the "continuation" of an action or proceeding against the Debtor that was commenced before the Debtor filed its voluntary petition in bankruptcy. It advances the litigation and involves judicial decisions that affect substantive rights and that address the merits of the dispute.

Application of the automatic stay to the Class Action Adversary Proceeding following removal is consistent with an intended purpose of the automatic stay. The

---

[9] *Cf. Sanders v. Farina*, 67 F. Supp. 3d 727 (E.D. Va. 2014) (examining remand under 28 U.S.C. 1441 following the commencement of a bankruptcy case).

-12-

automatic stay, which arises immediately upon the filing of a voluntary petition for bankruptcy, provides the Debtor respite from ongoing litigation. If the automatic stay did not apply to the continuation of the litigation after removal, a debtor would be required, for example, to respond to interrogatories and requests for production served prior to removal, and participate in previously scheduled depositions even if such depositions were scheduled to occur after the filing of the bankruptcy. This would deprive the debtor of the breathing spell from the onslaught of pre-petition litigation afforded by the automatic stay. A debtor is not required to seek a stay of the ligation after removal but is automatically entitled to that stay under 11 U.S.C. § 362(a).

Application of the automatic stay to the Class Action Adversary Proceeding is also consistent with the Advisory Committee's note to Fed. R. Bankr. P. 9027. The Bankruptcy Rules Advisory Committee observed that where a state court cause of action is stayed, the litigation is likewise stayed following removal of the action to the bankruptcy court. *See* Fed. R. Bankr. P. 9027, Advisory Committee's Note (1983) ("If the claim or cause of action which is removed to the bankruptcy court is subject to the automatic stay of § 362 of the Code, the litigation may not proceed in the bankruptcy court until relief from the stay is granted."). *See also F & M Bank*, 2013 WL 3941382, at *1 (the automatic stay applies to the continuation of a removed state court action subject to the automatic stay).

*Substitution of the Trustee for the Debtor in the Class Action Adversary Proceeding*
*Does not Violate the Automatic Stay*

The Trustee also complains that the motion to join the Trustee and the Chapter 7 Trustee in Budget Payday's bankruptcy case as parties to the Class Action Adversary Proceeding violated the automatic stay. The Court notes that the motion to join the Trustee was filed at the Court's direction. *See* Order Resulting from Status Conference,

-13-

Class Action Adversary Proceeding – Docket No. 15.  But even if the Court had not directed the Plaintiff to file a motion to add the chapter 7 trustees, substitution of the Trustee for the Debtor (and of the Chapter 7 Trustee of Budget Payday for Budget Payday) in the Class Action Adversary Proceeding would not violate the automatic stay.

Once a debtor files a voluntary petition under Chapter 7 of the Bankruptcy Code, the chapter 7 trustee steps into the shoes of the debtor with respect to all pre-petition claims and lawsuits involving the debtor, and "[o]nly the trustee has the authority and discretion to prosecute, defend and settle, as appropriate in its judgment, such cause[s] of action." 3 Collier on Bankruptcy ¶ 323.03[1] (Richard Levin & Henry J. Sommer, eds., 16th ed.). *See also* 11 U.S.C. § 323(b) ("The trustee in a case under this title has capacity to sue and be sued."); Fed. R. Bankr. P. 6009 ("With or without court approval, the trustee . . . may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor"); *Abibo v. Sunset Mortg. Co., L.P.*, OK CIV APP 17, ¶16, 154 P.3d 715, 718 ("In the case of lawsuits or claims, the trustee, not the debtor, becomes vested as the real party in interest, with the debtor losing standing to prosecute or defend.") (citation omitted).  Seeking to join the Trustee in the Class Action Adversary Proceeding does not violate the automatic stay because it is not an act against the Debtor. Regardless of whether the action proceeds in the Class Action Adversary Proceeding or in the State Court Action following remand and/or abstention, the Trustee is the real party in interest with respect to the pre-petition claims against the Debtor. It is the Trustee's duty to determine whether to defend or attempt to settle the lawsuit.

-14-

## CONCLUSION

Provided a state court action is removed to the bankruptcy court where the debtor's bankruptcy case is pending, the automatic stay does not apply to removal. Nor does the automatic stay bar a party from seeking remand and abstention following removal. Filing a notice of removal to commence an adversary proceeding and filing a motion for remand and/or abstention following removal do not constitute a continuation of the underlying litigation. Neither action requires the Court to adjudicate the merits of the underlying claims.

However, once a state court action subject to the automatic stay is removed, the automatic stay prevents continued litigation of the claims in the adversary proceeding before the bankruptcy court. The automatic stay also remains in effect with respect to adjudication of the claims against the Debtor in the State Court Action in the event of a remand, unless and until the Court grants the Plaintiffs in the State Court Action relief from the automatic stay.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: March 25, 2019

COPY TO:

George D Giddens, Jr
Attorney for Debtor
Giddens, Gatton & Jacobus, P.C.
10400 Academy Rd NE Ste 350
Albuquerque, NM 87111-1229

Daniel Andrew White
Attorney for Chapter 7 Trustee
Askew & Mazel, LLC
1122 Central Ave. SW, Suite 1
Albuquerque, NM 87102

Rob Treinen
Attorney for Matthew Kitts
500 Tijeras Avenue NW
Albuquerque, NM 87102

-15-